ROBERT A. STEWART, Plaintiff-Appellee, *v.* IRVING MELNICK, Defendant-Appellant

NO. 6398

JULY 18, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* Appellant/Tenant Melnick appeals the judgment of the lower court that Appellee/Landlord Stewart properly raised appellant's rent and thereby rendered him liable for $2,100 in rent arrearages.

The issue in this case is whether a notice of rental increase, which did not include a notice of termination of tenancy in the alternative, terminated the tenancy where the appellant protested the rental increase before the date the new rental was to become effective and remained in possession of the premises after its effective date. Only if the tenancy was properly terminated would the holding over have created a new tenancy obligating appellant to pay the increased rental.

On November 1, 1970, the property located at 310 Lewers Street was leased by appellant from Bishop Trust Company under a three-year lease. After the lease expired, appellant became a month-to-month tenant at the rate of $700 a month. On March 1, 1976, appellee became the landlord. Seventeen days later, on March 18, 1976, appellee gave appellant written notice which stated that on May 1, 1976 appellant's rent would be increased to $1,400 a month and that appellant should indicate by the end of March, 1976 if the increase was acceptable. On the same day, March 18, 1976, appellant orally notified appellee that the proposed rent of $1,400 a month was not acceptable and that he would move out as soon as he found a place to move his inventory.

On May 18, 1976, appellant sent written notice to appellee that he (appellant) could not afford the $1,400 a month rent and would vacate the premises by the end of June "for sure" if appellee would by June 5, 1976 provide him with notice to vacate. Coincidentally, later the same day appellant received from appellee a notice stating that due to appellant's failure to pay the $1,400 increased rent on May 1, 1976, he was to vacate the premises within five days.

Appellee filed this suit for summary possession and judgment for rental in the sum of $1,400 monthly from May 1, 1976 until possession of the leased premises was restored to appellee. Appellant remained in possession of the premises through the month of July, 1976. On July 22, 1976, judgment in the amount of $2,100 together with costs and attorney's fees was entered in favor of appellee for the rent due for the months of May, June and July, 1976. The $2,100 was determined by subtracting the $700 appellant had paid for each of the three months (3 x $700 = $2,100) from the total $4,200 (3 x $1,400 = $4,200) due for May, June and July.

Appellant contends that his original $700 month-to-month tenancy was not terminated by appellee's March 18, 1976 notice of rent increase. HRS § 666-2 provides only two means by which a continuing month-to-month tenancy like appellant's can be terminated by a landlord. He may give the tenant written notice to quit 25 days before the end of the rental period, or, where a tenant has failed to pay the rent at the time agreed upon, the landlord may terminate the tenancy by giving to the tenant a written notice to vacate of at least five days.

The March 18, 1976 notice of rental increase did not constitute a valid termination of appellant's tenancy since it contained no notice of termination of appellant's tenancy. Appellant's $700 month-to-month tenancy therefore remained in effect. Consequently, the May 18, 1976 letter demanding that appellant vacate the premises within five days for failure to pay $1,400-a-month rent did not end the tenancy since the tenant's rent was not in arrears. Appellant had tendered to appellee the $700 he (appellant) was obligated to pay under his tenancy.

Accordingly, the judgment below is reversed. The lower court is instructed to enter judgment in favor of appellant.

*Herbert K. Tom* for defendant-appellant.
*Donald E. Scearce* for plaintiff-appellee.